LEWIS, et ux. *vs.* MOORMAN.

1. By the act, authorising the sale of lands, granted by Congress for internal improvement, the State cannot enforce its claim for the purchase money, against a purchaser, for a failure to pay the instalments:—On such failure, the lands revert to the State.

2. Therefore, where lands have been thus purchased, and the instalments have not been paid by the vendee, in his life time,—there rests on his personal representative no legal obligation, to discharge them, out of the assets of the estate.

3. And, a claim of dower, can not rest upon the payment, thus made, illegally, by the personal representative, of instalments due on such lands.

4. The act of 1816, endowing widows in lands purchased of the United States, on which partial payments only were made, at the time of the husband's death, and afterwards completed by the personal representative,—has become obsolete.

5. And an equity, under this statute, cannot be extended to a claim of dower, in lands purchased of the State of Alabama.

6. Where the purchase money of lands, bought of the State, has been paid by a vendee, before his death,—the widow is dowable, though the title be not perfected at that time.

Error to the Circuit court of Franklin county, exercising chancery jurisdiction.

Petition for an allotment of dower, tried before Judge *Coleman.* Petitioner prayed for an allotment of dower out of lands, purchased by her former husband from the State, under the act authorising the sale of lands granted by Congress to the State for internal improvement. At the death of the husband, full payment had not been

Lewis, et ux. *vs.* Moorman.

made for the land, but the administrator had since completed the payments out of the assets of the estate.

To the petition, there was a demurrer interposed by the administrator,—which was sustained by the court.

The plaintiffs in error assigned, that—

1. The court below erred in sustaining the demurrer to the petition;

2. In rendering final judgment against plaintiffs on demurrer.

*Martin*, for plaintiff in error.
*Peck*, contra.

ORMOND, J.—The right to dower is aserted by the plaintiffs counsel, under the equity of the act endowing widows in lands purchased of the United States, on which partial payments only had been made at the time of the husband's death, and the title afterwards completed by the executor or administrator—as by the provisions of the act, they were under certain circumstances permitted to do.

It is not insisted, that this act, in terms, embraces this case—but it is contended, that it is within the equity of that statute. At the time of the passage of that act, a very considerable portion of all the lands in the State were held under the general government, by an incomplete or inchoate title. To answer the exigency of this particular state of things, the act in question was passed, which, in its nature, was temporary, and having accomplished the objects for which it was designed, has become obsolete, and was not transferred into Aikin's Di-

gest. No advantage, therefore, can be derived from that statute by the petitioner, unless she can bring herself within its terms. But the land, in this case, was purchased of the State of Alabama, and of course is not within the terms of the law,—and as to any equity arising under it, it is a sufficient answer, that it was temporary in its nature, designed to remedy a particular mischief, and cannot therefore be extended beyond the object in view in its enactment.

It is also insisted, that the law giving widows dower in trust estates, is applicable to this case. The law is on the 9th page of Aikin's Digest, section 38. "Where any person, to whose use, or in trust, for whose benefit, another is, or shall be seized of land, tenements or hereditaments, hath or shall have such inheritance in the use or trust, as that if it had been a legal right, the husband or wife of such person would then have been entitled to curtesy or dower; such husband or wife shall have and hold, and may, by the remedy, proper in similar cases, recover curtesy or dower of such lands, tenements or hereditaments.

If, at the death of the husband, the purchase money had been paid to the State, there can be no doubt the widow would be entitled to dower. It is, however, supposed, that inasmuch as the amount due on the lands at the death of the husband, has been paid by the administrator out of the assets of the estate, thereby exhausting, to that extent, the share of the widow in the personalty, she is entitled to dower out of the subject into which the personalty has been converted.

This argument, admitting, for the present, it is well

Lewis, et ux. *vs.* Moorman.

founded, rests on the supposition, that the debt due the State is such a charge on the personalty, as the heir can call on the executor to discharge. By reference to the sixteenth section of the act which authorised the sale of the lands in question, it will be seen that the State could not enforce its claim for the purchase money, against a purchaser, for a failure to pay the instalments, but that on such failure, the land reverted to the State. This principle is established in the case of the Trustees of the University vs Winston, (5 Stew. & Por. 17.)

It follows, that if there was no legal obligation on the executor to pay the remaining instalments due the State, he could not, by any act of his, affect the right of the widow to her distributive share of the personalty. The argument, therefore, founded on the supposition, that the widow's share of the personalty might be exhausted in the payment of the land, and that therefore she is entitled to dower, fails.

What would be the right of the widow, in a case where the husband left land on which a sum of money was due, which the executor was under a *legal obligation to pay*, is a question of the gravest import, which has not yet been raised in this State, and upon which we express no opinion.

There are other errors in the record, upon which, as the view we take is decisive of the case, we express no opinion. The judgment is affirmed.