## CRABB v. PRATT AND WIFE.

1. At common law, the widow is entitled to dower, in those estates, only, of which the husband, during the coverture, was invested with the legal ti-, tle.

2. Under the statute, (Clay's Dig. 157 § 36) the widow is entitled to dower, in those estates, the legal title to which, at the time of his death, is held by another, for the use or in trust for the husband, but she is not dowable of an imperfect equity.

3. Whether, if, after the death of his intestate, the personal representative pays a balance of purchase money, due upon real estate, purchased by the intestate, in his life time, and which constitutes a lien on the estate, the distributive share of the heir at law, in the personality, will not be chargeable therewith, quere ?

Error to the Chancery Court at Mobile.   Before the Hon. Jos. W. Lessene.

THE bill in this case was filed by plaintiff in error, as the widow of Geo. W. Crabb, deceased, to obtain an allotment of dower, in certain real estate, in the city of Mobile.   It alleges her intermarriage with said Geo. W., prior to 1844, and his death in Aug. 1846.   It further states, that in April 1844, said Geo. W. and one William G. Jones, purchased the real estate in question, from the branch bank at Mobile, for which they received a certificate, setting forth, that titles were to be executed to them on the full payment of the purchase money ; that they paid one fourth of the purchase money, at the time of the purchase, and gave their three several promissory notes, at one, two and three years for the balance, the two first of which, were paid by them, during the life time of the said Geo. W. Crabb, and the last, since his death, by said Jones, and the plaintiff, as the adm'x on the said Geo. W's estate : and that the bank, since final payment, has executed titles to said Jones, and Mary G. Crabb, a minor, and the sole heir at law, of the said Geo. W. Crabb.

The prayer of the bill is, that the said Mary G., be made a defendant, &c., and that dower be allotted to plaintiff in error, in the said real estate.

The chancellor dismissed the bill for want of equity, from which, a writ of error was sued. After the issuance of the writ of error, the said Mary G. Crabb, intermarried with one Pratt, and on suggestion thereof, the suit was revived in this court, against the husband and wife.

The dismissal of the bill by the chancellor, is now assigned as error.

W. G. JONES, for plaintiff in error.

1. The statute law of Alabama, Clay's Dig. 157 § 36, gives to a widow, dower in lands, to which the husband had only an equitable title. By the language of that statute, if the husband had *such an inheritance in the use, as, that if it had been a legal right, the wife would thereof have been entitled to dower ;* the wife shall have, and recover, dower in such lands. To determine then, whether the widow is entitled to dower in lands, in which her husband had only an equitable interest, two questions are necessarily presented. 1. What is the nature and character, of the equitable estate of the husbandand ? 2. If that equitable estate, were a *legal* one, would the widow be entitled to dower ? If she would, then, by the plain language, and undoubted intention of the statute, she shall have dower, though her husband had only an equitable title.

2. In this case, after the purchase made by Geo. W. Crabb, in his life time, from the bank, in April, 1844, after he was put in possession of the property, and had paid three-fourths of the purchase money; though the legal title was retained by the bank, as a security, for the last instalment of the purchase money, yet undoubtedly Crabb had *some* interest in, and title to the lands ; and it is equally certain, that, that interest and title was an equitable one, and not a legal one. What was the nature and character of this equitable interest, or title ? What would it have been, if it had been a *legal*, instead of an equitable title ? for this is the test prescribed by the statute. In this case, we insist that Crabb's interest, or estate, was a *base fee:* as to what constitutes a base fee, see 4 Kent's Com. 9 (3d Ed.) Here, by the contract contained in the certificate of purchase, the interest to be conveyed to Crabb, was a *fee, to him and his heirs ;*

but this fee, might be defeated, by the subsequent happening two uncertain events, (the failure to pay the instalments punc- of tually, and the election of the governor, thereupon, to declare a forfeiture of the lands : Clay's Dig. 122 § 11,) neither of which might happen, and neither of which, did in fact happen. This is the exact characteristic quality of a base fee. If at the sale, instead of giving a certificate of purchase, the bank had done, what would have been the same in effect, that is had conveyed the land by deed, to Crabb, and his heirs, upon condition, that it should be forfeited, if the three credit instalments were not paid punctually, Crabb would have taken a base fee. The only difference between the effect of such a deed, and the certificate actual- ly given, is, that the one conveys a legal title, and the other an equitable title. The statute says, this shall make no dif- ference, as to the widow's right to dower.

3. The next question is, whether a widow is entitled to dower, in a base fee ? It is an estate of inheritance, and the authorities are express, that a widow is entitled to dower in a base fee. Park on Dower 49, 54; 11 Law Lib. 23 ; 1 Cruise's Dig. title dower, ch. 3 § 8 mar. page 188.

4. The case before the court, is strictly analogous to the cases arising under mortgages, where it is held, that the wi- dow is entitled to dower, as *against* the heir, even where she has relinquished her right of dower to the mortgagee. 4 Kent's Com. 44, 47, (3d Ed.)

5. The counsel for the defendant, supposes this case to be settled against the claim of plaintiff, by the recent decision of this court, in the case of Edmondson v. Montague, 14 Ala. 370, and also by the previous cases, of Gillespie v. Somerville, 3 S. & P. 447, and Lewis v. Moorman, 7 Por. 522. It is re- spectfully submitted, that these cases are distinguishable from the cases at bar. In the case of Lewis v Moorman, the very question now presented, is stated by the court, and said to be important and doubtful, and the court avoids deciding it. In the case of Edmondson v. Montague, it was denied that *any payment* had been made by the husband, and there was no proof of any payment, and the claim was against a pur- chaser, and not against the heir. In these material respects, that case is distinguishable from this. If any thing said in

that case, is applicable to this, it is only an *obiter dictum*. It is respectfully submitted, that in a case of such extreme hardship as this, on the widow, the court would not refuse to reconsider any prior decision, upon new argument, or auhorities, and if necessary, and proper, ovetrule such decision.

HOPKINS, contra.

A widow is not entitled to dower in land purchased and occupied by her husband during their coverture, for which he had not fully paid in his life time, and had not a conveyance, but a bond only for the title. The equitable title of which a widow is dowable, must be a perfect equity, and snch is not the character of the equity, where any part of the purchase money remained unpaid at the death of the husband. 3 Stew. & Por. Rep. 447; 7 Por. Rep. 522; 8 ib. 326; 14 Ala. Rep. 370; 1 Dev. Eq. Rep. 195. If the law confined the right of dower to an estate strictly legal, the right would not exist where the purchase money had been fully paid, but the legal title had not been conveyed to the husband. The statute gives dower where the husband had a full and complete trust of inheritance, that is, an unincumberéd trust. If he had not the full and complete trust when he died, the statute does not entitle the widow to dower.

The right to dower is separate and distinct from that to a distributive share of the personal property. There is no dependence of one upon the other. The right to a share of personal property is in the excess of it, if any above what may be sufficient to pay the debts of the deceased husband. The right to dower is complete and irresistible, whether the estate be insolvent, or rich.

A motion to dismiss for want of equity may be made at any stage of the proceeding. Bryant v. Peters et al. 3 Ala. Rep. 160.

A *base fee* is created by grant. As a *base fee* and the grant contains no provision for its enlargement into a *fee simple*, nor obligation, as the title bond in this case does, for the conveyance upon the payment of the purchase of the *fee simple* to the grantee. The certificate in this case is in legal effect the same as a bond made by an individual to convey to a vendee the legal title, upon the payment of the purchase

money.   No one ever supposed such a bond for title created a *base fee.*

DARGAN, J.—At common law, a widow was entitled to dower in all the lands of which her husband was seized at any time during the coverture; but if the husband had not the legal title, but was only entitled to the use, his widow, after his death, could not be endowed of this use.   By our statute, however, it is provided, that "where any person to whose use, or in trust for whose benefit, another is, or shall be seized of lands, tenements, or hereditaments, hath, or shall have such an inheritance in the use, or trust, as that, if it had been a legal right, the husband or wife of such person would thereof have been entitled to curtesy, or dower, such husband, or wife, shall have, and hold, and may, by proper remedy recover, curtesy, or dower, in such lands, tenements, or hereditaments."   Clay's Dig. 157.

Under this statute, if the legal title be held by one for the use of, or in trust for the husband, the widow shall be endowed of the land, in the same manner as if the husband had the legal estate.   The only question, therefore, is, for whom, and for what purpose, did the bank hold the legal title to the premises sought to be charged with dower?   Did the bank at any time hold the legal title for the use of, or in trust for General Crabb?   The answer, to my mind, is plain :  the bank was the owner in *fee;* the land was sold according to the provisions of law, and the legal title was held by the bank, not for the use of General Crabb, nor in trust for him, but for the purpose of securing the payment of the purchase money, and so continued to hold it, until the death of the complainant's *husband.*   How, then, shall she be entitled to dower?   By the common law she cannot, for the legal title never vested in her husband; and she can only claim dower under the statute, by showing, that the bank held the legal title for the use of, or in trust for her husband.   But the bill on its face, shows, that one half of the purchase money was unpaid, at the time of General Crabb's death.   The bank, therefore, held the legal title, to secure this portion of the purchase money, and not for the benefit of the purchaser.   I should therefore say, without reference to any authorities,

that relying on the plain language of the statute, the complainant is not entitled to dower in the lands described in the bill, because her husband was never seized of the legal title, nor did any one ever hold it for his use. It is true, that if the entire purchase money had been paid by the husband, we should hold the complainant would have been entitled to dower; for it could not then have been said, that the bank held the legal title to secure the purchase money; for that being paid, the title could not have been held for that purpose, and in equity the bank would have been considered as holding the legal title, in trust for the purchaser.

But we are not left alone, to the plain import of the words of the statute, for it has received a uniform construction from this court, that is conclusive of the subject. Somerville v. Gillespie, 3 Stew. & Por. 347; Lewis v. Moorman, 7 Porter, 522; Rogers v. Rawlings, 8 Porter, 326; Edmondson v. Montague, 14 Ala. 371. All these cases hold, that to entitle the widow to dower, the equity of the husband must have been perfect, or complete, that is, he must have had the equitable right to demand the legal title of him, who held it for his use. It was said, in the case of Lewis v. Moorman, that what would be the right of the widow, when the husband left land on which a sum of money was due, and which the executor was bound to pay, was a question of grave importance. It may be in one aspect, that is, whether the heir's share of the personalty, shall not be charged with the payment of this sum, as he receives the entire benefit of the land. But certainly it is a plain question, when we look to the statute, and consider the right of dower as regulated by the rules of the common law. We must find that the husband had the legal title, or that the legal title was in another for his use, or we must refuse dower. The hardship of this construction of our statute, has been pressed on us with much force. We can only answer, that the statute was intended to modify some of the hardships of the common law; if it has not gone far enough, the legislature alone can extend its provisions.

There is no error in the decree, and it must be affirmed.