# Mattox *v.* Feagan.

### Statutory Real Action in nature of Ejectment.

1. *Dower; what estate in husband necessary.*—It is the settled law of the
State that the widow is not entitled to dower in lands where the purchase
money remained unpaid at the time of the husband's death, and where the
conveyance of the legal estate had not been made. The Revised Code,
§ 1624, limits dower to lands of which the husband was seized in fee during
coverture, or of which another was seized in fee to his use, or in which he
had a perfect equity, having paid all the purchase money.

2. *Exemption under section* 2061, *Revised Code.*—The statute, section
2061, Revised Code, did not exempt any particular parcel of land for the
wife or children, but it required an allotment to be made, without injury to
the other land, by proper legal proceedings, and before a sale of the land by
the personal representative, to vest a title.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by Sarah Mattox, the widow,
without children, of one A. T. Jones, deceased, by which
she seeks to recover possession of a house and lot of which
her husband was possessed at the time of his death. The
title set up by the plaintiff is the possession and occupancy
of the property by said Jones, under a purchase at a sale
duly made by the administrator of the estate of one
McDuffie, to said Jones, wherefore she claims by the right
of dower under section 1624, Revised Code, and by the right
of exemption under section 2061, Revised Code. The
evidence shows that said Jones had not fully paid the
purchase money at the time of his death, and no conveyance
of the legal title had been made to him. It also shows that
no allotment of the estate of said Jones had been made to

[Mattox v. Feagan.]

the plaintiff under section 2061, *supra;* but that the property had been deeded to defendant by the personal representative of said Jones. Such evidence was admitted against the objections of the plaintiff, who now assigns the ruling of the court below, in such regard, as error.

OATES & McKLEROY, with whom were ARRINGTON & TOMPKINS, for appellants.—1. Appellee insists that plaintiff is not entitled to recover any interest in the land because her husband did not have a legal title, or perfect equity at the time of his death. However this may be, the same law does not apply as to the widow's claim for exemption.—*See the difference in language of sections* 1624 *and* 1630, *Revised Code, pertaining to dower and quarantine, and section* 2061, *pertaining to exemptions.*

2. Is not the widow's claim to what an interest her husband had to the land in question, to the extent at least of "five hundred dollars worth," better than that of a third party who purchased at an administrator's sale "the interest of the deceased in the *property?*" The purchaser only bought such *interest* in the property as the administrator had the right to sell. The administrator had no right to sell the property, or that part of it, which was exempt to the widow or children.—*Brooks v. Martin,* 43 Ala. 360; *Barnick v. Rackley,* 46 Ala. 402; *Hudson v. Stewart,* 48 Ala. 204.

4. The statute does not require the widow to be the actor in proceedings to allot or set aside the five hundred dollars worth of real estate, but it requires the administrator to become the actor, and have her interest set aside whenever it becomes necessary to sell the land to pay debts.—*Hudson v. Stewart, administrator,* 48 Ala. 204; R. C. § 2061; see, also, *Barnick v. Rackley,* 46 Ala. 402. These exemption statutes are construed liberally for the beneficiaries.—*Brooks v. Martin,* 43 Ala. 370. See the opinion of MANNING, J., in *Harper et al. v. Gayle,* manuscript.

D. M. SEALS and N. B. FEAGAN, *contra.*—1. The plaintiff was not entitled to recover on her rights of quarantine. "Statutory quarantine does not attach to any premises except those whereof she is dowable." Of course she was not entitled, on her own testimony, to dower in the land sued for.—*Boynton v. Sawyer and Wife,* 35 Ala. 497; 35 Ala. 528.

2. Plaintiff was not entitled to the exception, because in the first place she had voluntarily abandoned the premises,

and more than six years afterwards the administrator of A. T. Jones sold the premises under valid order of Probate Court, at which sale defendant became the purchaser and paid the purchase money, received conveyance and entered upon possession and made valuable improvements thereon; all without notice of any claim to exemption by plaintiff, she having removed from the State, and the premises all the time in undisputed possession of A. T. Jones' administrator. In the next place, if plaintiff had not abandoned her exemption, she lost it by not having claimed before the sale by the administrator of A. T. Jones.—See *Bell v. Davis*, 42 Ala. 460, which applies to the case, because the widow had abandoned the premises for six years and moved out of the State, and defendant was an innocent purchaser. Plaintiff could not recover any part of the lot, because she was not dowable to it. The manuscript opinion of MANNING, J., in case of *Harper et al. v. Gayle*, is not at all in conflict with the positions of appellee, or of any authority cited by him. Again, she is not entitled to recover the lot as exempt property, for the reasons, to-wit: A. T. Jones, her husband, did not own the premises by such a title as the lot could be *legally* called the homestead. He had not the legal title; it had been sold as the property of McDuffie's estate, and the purchase money still due at Dr. Jones' death—which fact the widow knew and testifies to in her depositions.—See paragraph four of section 2880, Revised Code, which governs this case. That property had not been selected and set apart as required by sections 1881 and 2882 of the Revised Code. That property could not have been set apart to the widow, because it was worth more than $500 and was incapable of being divided so as to give the widow her exemption—the chief value consisting in the dwelling and out-houses.

BRICKELL, C. J.—Under the facts disclosed in the record, the appellant was not entitled to dower in the lands, the possession of which she sues to recover. The statute limits dower to lands, of which the husband was seized in fee during coverture, or of which another was seized in fee to his use, or in which he had a perfect equity, having paid all the purchase money.—R. C. 1624. At the time of his death, a large part of the purchase money the husband contracted to pay for the lands, remained unpaid, and a conveyance had not been made to him. It is the settled law of this State, that the widow is not dowable of lands, the purchase money of which is unpaid at the death of the husband, and

of which the conveyance of the legal estate had not been made.—*Harrison v. Boyd*, 36 Ala. 203; *Crabb v. Pratt*, 15 Ala. 843.

2. Nor can the action be supported for the recovery of the exemption of lands, allowed to a widow by the statute. R. C. § 2061. The statute when of force did not exempt absolutely any particular parcel, or quantity of land. It did not vest in the widow or minor children the right or title to lands. The right it created resembled the right of dower—it was not an estate in lands, rather a mere right of action. By proper judicial proceedings, had before a sale of the lands by the personal representative, title to a quantity of land not exceeding in value five hundred dollars, could have been acquired, if the allotment thereof was not of injury to the remaining portion of the estate. We have decided that until the allotment in the mode prescribed by the statute, title did not vest in the widow, or the children. *McCuan v. Tanner, Rottenbury v. Pipes*, manuscript. No allotment having been made, the appellant had no right or title which would support this action.

The judgment of the Circuit Court must consequently be affirmed.